# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | ATTORNEYS AND COUNSELLORS AT LAW | |
|---|---|---|---|
| FRANKFURT | MILAN | 101 PARK AVENUE | TELEPHONE 212-696-6000 |
| HOUSTON | MUSCAT | NEW YORK, NEW YORK 10178-0061 | FACSIMILE 212-697-1559 |
| ISTANBUL | PARIS | | E-MAIL INFO@CURTIS.COM |
| LONDON | STAMFORD | | INTERNET WWW.CURTIS.COM |
| MEXICO CITY | WASHINGTON, D.C. | | |

WRITER'S DIRECT:
TEL.: 212-696-6192
E-MAIL ELAUER@CURTIS.COM
FACSIMILE 212-697-1559

**MEMO ENDORSED**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-20-08
```

February 19, 2008

FEB 20 2008

**BY HAND**

Hon. P. Kevin Castel, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

Re: **Gottdiener v. Friedman, et al., Case No. 07 Civ 9436 (PKC)**

Dear Judge Castel:

      This firm represents the Defendants in the above-referenced action. We write pursuant to Rule 2.A.1. of your Honor's Individual Rules of Practice to request that a pre-motion conference be scheduled or that the requirement of such a conference be waived. As noted in our letter to the Court, dated February 6, 2008, concerning scheduling of the Initial Pre-Trial Conference, Defendants plan to move to dismiss the Shareholder Derivative Complaint (the "Complaint") and have until March 3, 2008 to file their motion under a Stipulation and Order entered by the Court on December 5, 2007. The bases for the anticipated motion are as follows:

      This is a tag-along derivative action to the class action securities fraud complaint, In re Tarragon Corporation Securities Litigation, Case No. 07 Civ. 7972 (PKC) ("Securities Complaint"), filed against nominal defendant Tarragon Corporation ("Tarragon" or "the Company") and three of its officers in the wake of Tarragon's announcement on August 9, 2007 that it was "experiencing liquidity issues caused by the sudden and rapid deterioration in the real estate credit markets." Tarragon shareholder Ernest Gottdiener ("Plaintiff") piggy-backs on the conclusory allegations of the Securities Complaint to claim that Tarragon's entire current nine-member board, one non-board officer, and one former officer and director should be liable to the Company for breach of fiduciary duty for failing to prevent the purported securities fraud and for contribution to the extent the Company is found liable for securities fraud under Section 10(b) of the Securities Exchange Act of 1934 pursuant to the Securities Complaint. However, Plaintiff

4346607v1

Case 1:07-cv-09436-PKC   Document 13   Filed 02/20/2008   Page 2 of 3

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Hon. P. Kevin Castel, U.S.D.J.
February 19, 2008

pleads no facts from which it might be found that there was ever a securities fraud in the first instance, let alone that Defendants were in any way culpable for its occurrence.

The Complaint should be dismissed for two independent reasons.

First, the Complaint must be dismissed for failure to make a pre-suit demand on Tarragon's board. Under Nevada law (Tarragon is a Nevada corporation) and Fed. R. Civ. P. 23.1, a shareholder seeking to prosecute a derivative action on behalf of a corporation must first demand action from the company's board of directors or plead with particularity why such a demand would have been futile. Here, Plaintiff concedes that he made no pre-suit demand, but contends that such a demand would have been futile because all the directors face personal liability on his allegations. However, under Nevada law and Fed. R. Civ. P. 23.1, a "mere threat" of personal liability is not sufficient to show that a director is interested and incapable of considering a demand; rather, Plaintiff must plead particularized facts supporting that the majority of the directors face a "substantial likelihood of liability" before demand will be excused. In addition, under Nevada Corporations Law, corporate officers and directors cannot be found liable for a breach of fiduciary duty unless the breach involved "intentional misconduct, fraud or a knowing violation of law." Nev. Rev. Stat. § 78.135. Plaintiff's conclusory allegations that the Defendants must have exercised inadequate oversight in light of the allegations of the Securities Complaint fail to raise a "substantial likelihood of liability" for "intentional misconduct, fraud or a knowing violation of law." He has thus failed to meet the pleading requirements for demand futility as a matter of law.

Second, Plaintiff's allegations fail to state a claim as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

As noted, under Nevada Corporations Law, corporate officers and directors cannot be found liable for a breach of fiduciary duty unless the breach involved "intentional misconduct, fraud or a knowing violation of law." Nev. Rev. Stat. § 78.135. Plaintiff's factual allegations come nowhere near "intentional misconduct, fraud or a knowing violation of law." Indeed, the Complaint is devoid of any details as to how the Tarragon board was engaged in or aware of any wrongdoing, or what the Board should have done to identify or prevent the alleged securities fraud. Thus, the Complaint fails to make out a claim for breach of fiduciary duty as a matter of law.

As for Plaintiff's attempt to assert contribution claim on Tarragon's behalf should Tarragon be found liable for the Section 10(b) claim in the Securities Complaint, Tarragon could only recover contribution for alleged violations of Section 10(b) from others jointly liable for the alleged violations. The Complaint fails to plead that the Defendants would be liable for the Section 10(b) violations alleged in the Securities Complaint. The Complaint does not contain against the Defendants the kind of allegations that would be required to meet the heightened pleading standards for pleading fraud under Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b). The Complaint thus fails to state a contribution claim as a matter of law.

4346607v1

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 3

Hon. P. Kevin Castel, U.S.D.J.
February 19, 2008

Finally, Plaintiff's claims are not ripe, because his damages theory – that the Company was harmed by the institution of the Securities Complaint – is entirely speculative.

Accordingly, the Complaint should be dismissed, and the defendants plan to file a motion to dismiss on March 3, 2008. Please let us know if your Honor wishes to schedule a pre-motion conference pursuant to Section 2.A.1. of your Honor's Individual Practices or to waive the requirement for such a conference. The Initial Pre-Trial Conference for both this action and the Securities Complaint is currently scheduled for June 13, 2008.

Respectfully,

Eliot Lauer

cc: Joshua M. Lifshitz, Esq. (via email)

*[Handwritten note from the court:]* Time to respond to compl[aint] extended to April 4. Pre-motion conference waived. Motion to be filed by April 4, 2008; answering papers are due May 16; reply papers are due June 6. In view of the generous briefing schedule, I do not anticipate granting any adjournment of this schedule. SO ORDERED.

/s/ P. Kevin Castel, USDJ
2-20-08

4346607v1