## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

FRANKFURT MILAN
HOUSTON MUSCAT
ISTANBUL PARIS
LONDON STAMFORD
MEXICO CITY WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CURTIS.COM
INTERNET WWW.CURTIS.COM

WRITER'S DIRECT:
TEL.: 212-696-6192
E-MAIL ELAUER@CURTIS.COM
FACSIMILE 212-697-1559

# MEMO ENDORSED

March 12, 2008

**USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/08**

**VIA FACSIMILE (with permission)**

Hon. P. Kevin Castel, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

Re:   **Gottdiener v. Friedman, et al., Case No. 07 Civ 9436 (PKC)**

Dear Judge Castel:

As counsel to Defendants in the above-referenced action we write to address briefly the points made in Plaintiff's letter of earlier today.

Plaintiff's request to voluntarily dismiss this action cannot be viewed in isolation from the unique procedural status of his lawsuit, namely, that this is a derivative suit in which Plaintiff is not seeking to assert claims on his own behalf but rather on behalf of nominal defendant Tarragon Corporation ("Tarragon" or the "company"). As such, his ability to prosecute or to dismiss a lawsuit is more narrowly circumscribed than that of a Plaintiff seeking to assert claims on his own behalf.

The "improper purpose" served by Plaintiff's attempt to dismiss this action and then re-file the case in state court is his attempt to file yet another shareholder derivative complaint *that he has no right to file* (because of his failure to make a demand on the Tarragon board of directors). Permitting this improper purpose prejudices the Defendants, because it: (i) removes the case from this Court, which, due to the pendency of the Securities Class Action here and the stipulation to coordinate discovery between the two cases, is the most efficient forum in which to adjudicate the matter; and (ii) injects unnecessary and unjustifiable delay into the adjudication of Defendants' motion to dismiss the action. Defendants have expended considerable resources in their effort to dispose of the baseless charges of fraud and misconduct

4346607v1

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Hon. P. Kevin Castel, U.S.D.J.
March 12, 2008

that Plaintiff has alleged against them, and in the interests of judicial economy, Plaintiff should be required to respond to Defendants' motion without further delay.

In addition, though Plaintiff asserts that his request is based on his desire to add Grant Thornton LLP ("Grant Thornton") as a defendant, there is nothing preventing Plaintiff from commencing an action against Grant Thornton in state court.

Respectfully,

*/s/ Eliot Lauer*

Eliot Lauer

cc: Joshua M. Lifshitz, Esq. (via email)

---

*[Handwritten note by the Court:]*

Defendants (are) quite correct that Rule 23.1, addressing one particular type of civil action, a derivative action, takes precedence over the more general language of Rule 41(a). That said, there is good cause to dismiss on plaintiff's application. The action is in its early stage; jurisdiction is premised upon diversity; plaintiff desires to join a non-diverse defendant for non-collusive reasons or reasons that are specious or improper. I condition the grant of plaintiff's application to dismiss upon plaintiff's agreement to coordinate discovery in any subsequently filed state court action with the discovery in the securities class action before me, except to the extent the state court expressly varies the coordination schedule in the derivative action. The action is dismissed without prejudice. All pending motions should be marked terminated. SO ORDERED.

/s/ USDJ
3-12-08

4346607v1